UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOSTETLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE WORMUTH,<br><br>    Defendant. | Case No. 22-cv-03605-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiff Mary Hostetler has sued her employer, the Presidio of Monterey Police Department (the Department), for discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. Dkt. No. 1. The government has asked to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14. The complaint is dismissed with leave to amend.

**BACKGROUND**

As alleged in the complaint, Hostetler has served over 40 years as a military police officer of the United States Army, and has various physical disabilities, "mostly related to her long service in law enforcement and serving our country in the U.S. military." Dkt. No. 1 ¶¶ 18-19. She has a long history of grievances with the Department from 2005 to 2020. *Id.* ¶¶ 17-76. The more recent allegations are that in September 2018, Hostetler filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) alleging that she had been subjected to gender, age, and disability discrimination and a hostile work environment at the Department. *Id.* ¶¶ 8, 47. Hostetler also alleges that in May 2019, the Department informed her that she would be informally reclassified from a Supervisory Detective to a Criminal Intelligence Analyst--"a demotion in title, duties, pay and status." *Id.* ¶ 54. And she alleges that in September 2020, she

was reclassified to a non-police position with no arrest authority, and her gun and badge were taken away. *Id.* ¶ 76.

## LEGAL STANDARDS

The standards that govern a motion to dismiss under Rule 12(b)(6) are well-established, and are incorporated here. *See, e.g.*, *Duque v. Permanente Med. Grp.*, No. 18-cv-03356-JD, 2019 WL 13254072, at *2 (N.D. Cal. July 1, 2019). In pertinent part, a claim must provide "a short and plain statement ... showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim ... that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all the factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements, or unwarranted deductions. *Id.*; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### I.  TIMELINESS

Hostetler says that the government's motion is untimely under Rule 12(a)(2). Dkt. No. 15 at 3. She acknowledges that she agreed to extend the government's deadline to respond to the complaint, but claims that "the Court explicitly denied the request for an extension." *Id.* at 3 (citing Dkt. No. 13).

This argument is trivial and poorly taken. The parties stipulated, "pursuant to Civil Local Rule 6-1(a)," to extend the government's response deadline to October 27, 2022. Dkt. No. 12 at 1. In its order addressing the parties' other requests, the Court did not address the stipulation regarding the deadline to respond to the complaint because such stipulations are self-executing. Dkt. No. 13; *see also* Civ. L. R. 6-1(a) ("Parties may stipulate in writing, without a Court order, to

extend the time within which to answer or otherwise respond to the complaint."). Consequently, the government's motion was timely.

The government, on its part, raises a different timeliness contention, namely that Hostetler's claims based on events before June 25, 2018, are stale. Dkt. No. 14 at 5-6. A federal employee must satisfy certain preconditions before filing suit under Title VII, the ADEA, and the Rehabilitation Act. *See Lyons v. England*, 307 F.3d 1092, 1103-05 (9th Cir. 2002) (describing procedural requirements for Title VII claims); *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (same for ADEA claims); *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) ("[T]he [Rehabilitation Act] borrows 'the remedies, procedures, and rights' from Title VII of the Civil Rights Act of 1964.") (citation omitted). One of the preconditions is the obligation to contact an EEOC counselor within 45 days of the alleged discriminatory or retaliatory conduct. 29 C.F.R. § 1614.105(a)(1); *see also Lyons*, 307 F.3d at 1105; *Whitman*, 541 F.3d at 932. Absent waiver, estoppel, or equitable tolling, failure to comply with this requirement precludes a federal employee from asserting claims based on the untimely events in federal court. *Kraus v. Presidio Tr. Facilites Div. / Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009).

Hostetler filed this lawsuit after contacting an EEOC counselor and submitting a formal EEOC complaint. *See* Dkt. No. 1 ¶¶ 8-14. The government argues that because Hostetler first contacted an EEOC counselor on August 9, 2018, she cannot assert claims based on events that occurred before June 25, 2018. Dkt. No. 14 at 7. The EEOC administrative record confirms that Hostetler first contacted an EEOC counselor and had her initial interview on August 9, 2018. *See* Dkt. No. 14-1 at ECF p. 4; Dkt. No. 16-1 at ECF pp. 151, 155.[1] Consequently, she cannot sue for discrimination or retaliation based on discrete acts that predate June 25, 2018. *See Lyons*, 307 F.3d at 1105.

Hostetler has not stated a good reason for why the 45-day rule should not apply to her claims. The EEOC administrative law judge did not find that her allegations "were timely filed

---

[1] The government and Hostetler both requested judicial notice of the EEOC record, and neither request was opposed. *See* Dkt. Nos. 14-1, 16. The requests are granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

3

and properly before the EEOC," as Hostetler claims. Dkt. No. 15 at 4. Rather, the judge allowed Hostetler to amend her complaint and rejected the government's timeliness argument because the government had failed to identify the specific allegations that it considered untimely. *See* Dkt. No. 16-1 at ECF p. 5. That decision did not resolve the issue of timeliness against the government, and does not bar the government from raising it here. *Cf. Girard v. Rubin*, 62 F.3d 1244, 1247 (9th Cir. 1995) (holding that because timeliness had "already been resolved against [the agency] by a binding decision of the EEOC, the [agency] may not now raise the argument that it did not waive the timeliness argument").

Hostetler's suggestion of continuing violations is unavailing. Dkt. No. 15 at 4. This exception allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id*. (internal quotations and citation omitted) (alterations in original). As a practical matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Bird*, 935 F.3d at 748. "Except for a limited exception for hostile work environment claims--not at issue here--the serial acts branch is virtually non-existent." *Id*. And courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Id*. That is because *Morgan* held that "[a] discriminatory practice, though it may extend over time and involve a series of related acts, remains divisible into a set of discrete acts, legal action on the basis of each of which must be brought within the statutory limitations period." *Lyons*, F.3d at 1108.

Hostetler did not plausibly allege the existence of a discriminatory system, and did not assert a hostile work environment claim in this lawsuit, and so cannot rely on the continuing violations exception. *See Green v. Brennan*, 578 U.S. 547, 562 n.7 (2016) (distinguishing between hostile work environment and discrimination claims and explaining that "[t]he analysis for the limitations period turns on the nature of the specific legal claim at issue."); *see also Porter*

4

*v. Cal. Dep't of Corrections*, 419 F.3d 885, 892 (9th Cir. 2005) (declining to construe allegations of sexual harassment as a hostile work environment claim because "such an approach would blur to the point of oblivion the dichotomy between discrete acts and a hostile environment").

Nor does the Lilly Ledbetter Fair Pay Act save the untimely allegations. That statute relaxes the exhaustion requirement for employees asserting claims for pay discrimination. *See Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 374 (D.C. Cir. 2010). But Hostetler's untimely factual allegations concern the Department's decisions to reclassify her position and deny her an interview for the Chief of Police position. *See* Dkt. No. 1 ¶¶ 21-23, 35-36. They do not allege that she was paid "'different wages or provid[ed] different benefits to similarly situated employees,'" and so the Ledbetter Act is "wholly inapplicable." *See Sherman v. Mnuchin*, No. SA CV 16-1979 PA (KESx), 2017 WL 1927876, at *4 (C.D. Cal. May 9, 2017) (quoting *Schuler*, 595 F.3d at 374); *see also Schuler*, 595 F.3d at 375 ("[T]he decision whether to promote an employee to a higher paying position is not a 'compensation decision or other practice' within the meaning of that phrase in the [Lilly Ledbetter Fair Pay Act].") (citation omitted).

## II.     DISCRIMINATION AND RETALIATION CLAIMS

To the extent they are based on timely allegations, Hostetler's discrimination and retaliation claims will need to be amended. Hostetler asserts discrimination and retaliation under Title VII, the ADEA, and the Rehabilitation Act. Dkt. No. 1 ¶¶ 2-3. Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin, while the ADEA prohibits discrimination against individuals over age 40. *See* 42 U.S.C. § 2000e-2; 29 U.S.C. § 631(a). Section 501 of the Rehabilitation Act prohibits discrimination "solely by reason" of an individual's disability. 29 U.S.C. § 794(a). All three statutes prohibit retaliation against an individual who engages in protected activity, such as opposing a discriminatory practice or participating in an employment discrimination investigation. *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); 29 U.S.C. § 794(d) (incorporating the prohibition against retaliation in the Americans with Disabilities Act, 42 U.S.C. § 12203(a)).

Hostetler has alleged some facts to suggest that she has faced unprofessional behavior and questionable treatment in the Department. But the complaint does not include enough facts to

establish a plausible link between the adverse employment actions she complains of, and discrimination based on her gender, age, or physical disabilities. *See Lokossou v. Servicesource Int'l Inc.*, No. 15-cv-04892-JD, 2018 WL 1709926, at *1 (N.D. Cal. Apr. 9, 2018).

For example, the complaint does not provide any factual context that might explain why Hostetler was informally demoted, as she alleges. *See* Dkt. No. 1 ¶ 54. The complaint says that the Department's physical fitness and weapons tests were difficult for Hostetler due to her age and disabilities, *see* Dkt. No. 1 ¶¶ 40, 42, but it does not include facts to show that the Department used her poor performances on the tests to justify reducing her pay and title. *See Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.,* No. 19-cv-07824-JD, 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020) ("To get past a motion to dismiss, plaintiff must come forward with non-conclusory allegations of fact that show that the alleged discriminatory and retaliatory acts by her employer were tied to her age or medical condition."). Overall, the discrimination claims are too thinly alleged to be plausible. They are dismissed with leave to amend.

So too for the retaliation claims. To establish a prima facie case of retaliation, Hostetler must plausibly allege that (1) she engaged in a protected activity, (2) she was subjected to an adverse employment action, and (3) there was a causal link between the two. *See Smith v. State of Cal. Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014) (citing *Villiarimo v. Aloha Island Air, Inc.*, 781 F.3d 1054, 1064 (9th Cir. 2002)) (retaliation elements under Title VII); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (same for ADEA); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (same for Rehabilitation Act).

It is not clear in the complaint what protected activities Hostetler believes were the subject of retaliation by the Department. The allegations that Hostetler "engaged in protective activity" are devoid of factual details. *See* Dkt. No. 1 ¶¶ 90, 98, 114. To the extent Hostetler's retaliation claims are based on the fact that she filed an EEOC complaint charging the Department with discrimination, *see id.* ¶¶ 8-14, 47-50, she has not alleged sufficient facts to show that the conduct she allegedly opposed constituted gender, age, or disability discrimination. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (the conduct that the employee allegedly opposed "must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation," or if

6

basis of claim is that employee participated in an investigation or proceeding involving charges of discrimination, "the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII"); *see also Lokossou*, 2018 WL 1709926, at *1.

## CONCLUSION

Hostetler may file an amended complaint that is consistent with this order by April 28, 2023. She may not add any new claims or defendants without the Court's prior approval. A failure to meet this deadline will result in dismissal under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2023

JAMES DONATO
United States District Judge