UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOSTETLER,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTINE WORMUTH<br><br>  Defendant. | Case No. 22-cv-03605-JD<br><br>**SECOND ORDER RE DISMISSAL** |

Plaintiff Mary Hostetler sued her employer, the Presidio of Monterey Police Department (the Department), for discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* Dkt. No. 1. Hostetler says that she was demoted and ultimately forced out as the result of discriminatory and retaliatory animus. The Court dismissed the complaint for lack of facts to "establish a plausible link between the adverse employment actions she complains of, and discrimination based on her gender, age, or physical disabilities." Dkt. No. 19 at 6.

Hostetler filed an amended complaint (FAC), Dkt. No. 20, which the Department asks to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 21. The parties' familiarity with the record is assumed. Dismissal is granted for the disability and age discrimination claims, but the Title VII and retaliation claims will move forward.

**LEGAL STANDARDS**

The standards that govern a motion to dismiss under Rule 12(b)(6) are well-established, and they are incorporated here. *See, e.g.*, *Duque v. Permanente Med. Grp.*, No. 18-cv-03356-JD, 2019 WL 13254072, at *2 (N.D. Cal. July 1, 2019). In pertinent part, a complaint must provide "a

short and plain statement ... showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim ... that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all the factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements, or unwarranted deductions. *Id.*; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Hostetler suggests that a lower pleading standard applies in civil rights cases, Dkt. No. 22 at 2, but our circuit has rejected that argument. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019). Rule 8(a) applies fully to claims brought under the federal Civil Rights Act, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002), with no extra thumb on the scale for plaintiffs, *see Austin*, 925 F.3d at 1137. Hostetler's citation to *Johnson v. State of California*, 207 F.3d 650 (9th Cir. 2000), is misdirected. That decision simply repeated the well-recognized rule that federal courts will liberally construe the allegations of pro se litigants, particularly in civil rights cases. *Id.* at 653. Hostetler is represented by an attorney.

## DISCUSSION

### I.   DISCRIMINATION CLAIMS

**A.  Sex and Gender**

At the motion to dismiss stage, Hostetler need not establish a prima facie case of sex or gender discrimination. *See Swierkiewicz*, 534 U.S. at 513; *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004). Even so, her complaint must contain "nonconclusory allegations plausibly linking the [adverse] action to discrimination." *Austin*, 925 F.3d at 1138.

The Title VII claim satisfies Rule 8. The FAC alleges that Hostetler was unfairly demoted and deprived of overtime pay and benefits. Dkt. No. 20 ¶¶ 43, 48, 69. It also "plausibly link[s]" these alleged adverse employment actions "to discrimination." *Austin*, 925 F.3d at 1138. Among

2

other things, the FAC alleges that "[m]ale employees have been treated better and contrary to policy regarding reclassifications" (Dkt. No. 20 ¶ 24); that "one of the male detectives under [plaintiff's] supervision was also a GS 9" but was not required to supervise other GS-9-level employees, as she was (*id*. ¶ 25); and that "[m]ale employees who were the exact same GS level as Ms. Hostetler were not similarly reclassified" (*id*. ¶ 65). These allegations suffice at the pleading stage because they "give [the Department] fair notice of what [Hostetler's] claims are and the grounds upon which they rest." *Swierkiewicz*, 534 U.S. at 514.

The Department criticizes the FAC for not alleging that "those [male] employees were similarly situated" to Hostetler "in the relevant ways," Dkt. No. 21 at 5, but our circuit has determined that this is not required at the pleading stage. *See Maduka*, 375 F.3d at 912-13. To require it would be "inconsistent with *Swierkiewicz*'s willingness to 'allow[ ] lawsuits based on conclusory allegations of discrimination to go forward.'" *Maduka*, 375 F.3d at 912 (quoting *Swierkiewicz*, 534 U.S. at 514).

The FAC also alleges that the Deputy Chief of Police told Hostetler that "he thought the reason she was not accepted in the Department was because she is a woman." Dkt. No. 20 ¶ 27. Our circuit recognizes that "comments suggesting that the employer may have considered impermissible factors are clearly relevant to a disparate treatment claim," even if one remark is "insufficient to establish discrimination." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438-39 (9th Cir. 1990).

### B. Disability

A different result is warranted for the disability and age discrimination claims. "To set forth a prima facie disability discrimination claim, a plaintiff must establish that: (1) he is disabled within the meaning of the ADA; (2) he is qualified (i.e., able to perform the essential functions of the job with or without reasonable accommodation); and (3) the employer terminated" -- or demoted -- "him because of his disability." *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018); *see also West v. Scott Lab'ys, Inc.*, ___ F.4th ___, No. 23-15502, 2023 WL 6172009, at *1 (9th Cir. Sept. 22, 2023) (citing *Nunies* elements at the motion to dismiss stage).

1    The FAC falls short on these elements. To start, Hostetler generally alleges that she suffers from several physical disabilities, but the ADA requires more. A plaintiff must allege that she has "(A) a physical or mental impairment that substantially limits one or more … major life activities …; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Nunies*, 908 F.3d at 433 (quoting 42 U.S.C. § 12102(1)(A)-(C)). Hostetler appears to rely on the "regarded as" prong. *See* Dkt. No. 22 at 11. "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment." *Socal Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802, 817 (9th Cir. 2023) (quoting 42 U.S.C. § 12102(3)(A)). The FAC does not plead this element with the requisite specificity. The allegation that "[t]he Department was also well aware of Ms. Hostetler's disabilities," Dkt. No. 20 ¶ 29, is certainly not a substitute for that.

Nor does the FAC plausibly allege a demotion "because of an actual or perceived" disability. *Socal Recovery*, 56 F.4th at 817. For this, Hostetler relies mainly a weapons test that she could not complete, for unspecified reasons. Dkt. No. 22 at 12-13. She says the Department ginned up a test that it knew she would fail because she is disabled, and then used that failure to justify her placement on the "no draw" list, which prevented her from performing certain aspects of her job. Dkt. No. 20 ¶¶ 29-30. This is little more than ipse dixit. There are no facts in the FAC to indicate that the weapons test was pretextual or a set-up. The FAC alleges that Hostetler never had to use an M-16 rifle before, so proficiency with that weapon "was clearly not an essential function of her job." Dkt. No. 20 ¶ 29. But it also states that the Department told her that the weapons test was a requirement for her new job, *id.*, so it is irrelevant whether she needed to use that weapon to perform her old job. Hostetler does not allege that others within her new job classification were exempt from the weapons test. She also does not connect her placement on the "no-draw" list to her alleged demotion.

Although it is true, as Hostetler suggests, that employers, including the federal government, must provide "reasonable accommodations" for disabled employees, *see* 42 U.S.C. § 1211(b)(5)(A), the FAC does not allege that she needed or sought accommodations, such as

permission to conduct outside investigations without passing the M-16 rifle test, nor does she allege that her disability prevented her from doing so. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001). The FAC says only that she provided a doctor's note about her inability to complete the weapons exam, Dkt. No. 20 ¶ 30, but does not allege that Hostetler sought to commence the interactive process, as was her burden. *Brown*, 246 F.3d at 1188.

### C. Age

The Department's objection to the "complete lack of age-related allegations in the FAC" is well-taken. Dkt. No. 21 at 7. The allegations supporting the Second Claim for Relief are a bare-bones recitation of the legal elements of a claim without any supporting facts. *See* Dkt. No. 20 ¶¶ 73-78. The rest of the FAC does not provide any specific facts that could make out a plausible claim for age discrimination. The few factual allegations related to age are that she is over the age of 40. *Id.* ¶¶ 19, 74. Plaintiff's opposition does not meaningfully address age discrimination, and simply repeats that she is over the age of 40. *See* Dkt. No. 22 at 12-13.

## II.   RETALIATION CLAIMS

To establish a prima facie case of retaliation, Hostetler must plausibly allege that (1) she engaged in a protected activity, (2) she was subjected to an adverse employment action, and (3) there was a causal link between the two. *See Smith v. State of Cal. Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014) (citing *Villiarimo v. Aloha Island Air, Inc.*, 781 F.3d 1054, 1064 (9th Cir. 2002)) (retaliation elements under Title VII); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (same for ADEA); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (same for Rehabilitation Act). For purposes of a retaliation claim, an adverse action is one that is "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000).

Hostetler satisfies the first element because she filed an EEO complaint on August 9, 2018, and then a formal complaint with the EEOC on April 9, 2019, in which she specifically alleged age, sex, and disability discrimination. *See* Dkt. No. 16-1 at ECF p. 56; *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988).

She satisfies the second element by alleging that the Department took actions against her that were "reasonably likely" to chill engagement in protected activity. *Ray*, 217 F.3d at 1243. Dkt. No. 22 at 4. Among other facts, the FAC alleges that employees were encouraged to file complaints about her performance, which led to a pretextual personnel investigation resulting in her forfeit of supervisory duties; (¶¶ 39-44); that she was demoted from Criminal Intelligence Analyst to a non-police position with lower pay but a requirement to supervise others (¶ 65); and that she ultimately was forced to retire (¶ 65). These are non-trivial sanctions, and the Department did not present a good reason to say why they might be lacking.

Hostetler also satisfies the third element. "That an employer's actions were caused by an employee's engagement in protected activities may be inferred from proximity in time between the protected action and the allegedly retaliatory employment decision." *Ray*, 217 F.3d at 1244 (internal citation and quotation marks omitted). Some of the adverse actions alleged in the FAC took place in close temporal proximity to protected activity. *See* Dkt. No. 22 at 8-9. For example, the personnel investigation launched around the time that the EEO issued its Report of Investigation in her case. Dkt. No. 20 ¶¶ 37-38. Just over a month after she amended her EEOC complaint, she was denied certain "pre-approved" compensation. *Id*. ¶¶ 45, 48.

Although "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," the FAC offers more. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). For example, the proffered explanation for the investigation ("morale issues," *id*. ¶ 44) may well have been pretextual, because the Department never provided information about the allegations against her. *Id*. ¶ 39. So too for the denial of certain compensation, because the Department did not provide a copy of the "agreement" that supposedly eliminated that benefit. *Id*. ¶ 48.

### III.  LEAVE TO AMEND

Plaintiff has already had one opportunity to amend her complaint to state plausible disability and age discrimination claims. "The fact that plaintiff failed to correct the deficiencies the Court previously pointed out 'is a strong indication that the plaintiffs have no additional facts to plead.'" *In re InvenSense, Inc. Sec. Litig.*, No. 15-CV-00084-JD, 2017 WL 11673462, at *3

6

(N.D. Cal. Apr. 12, 2017) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).  Consequently, those claims are dismissed without leave to amend.

## CONCLUSION

The claims for sex and gender discrimination (First Claim for Relief) and for retaliation (Third, Fourth, and Sixth Claims for Relief) will move forward.  The Second and Fifth Claims for Relief are dismissed.

**IT IS SO ORDERED.**

Dated: October 12, 2023

James Donato
United States District Judge