UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY HOSTETLER,

Plaintiff,

v.

DANIEL P. DRISCOLL, United States Secretary of the Army,

Defendant.

Case No. 22-cv-03605-JD

**ORDER RE FEDERAL RULE OF EVIDENCE 702**

Defendant Daniel P. Driscoll[1] asks to exclude the opinions and testimony of plaintiff Mary Hostetler's proposed expert witnesses, George Jouganatos and Erin Parker, for all purposes in this litigation. Dkt. No. 76-1.[2] The Court decided the Army's summary judgment motion without the need to resolve the question of exclusion. *See* Dkt. No. 97. This order addresses the admissibility of the proposed experts' opinions in a scheduled jury trial under Federal Rule of Evidence 702 and allied cases. Hostetler opposes exclusion of any sort. Dkt. No. 83. The opinions and testimony of Jouganatos are excluded, and the determination of Parker's exclusion is deferred to trial.

The governing standards under Rule 702 are well established and have been discussed in detail by the Court in a recent decision. *See Klein v. Meta Platforms, Inc.*, 766 F. Supp. 3d 956, 960-62 (N.D. Cal. 2025). The discussion is incorporated here. In pertinent summary, Rule 702 "tasks a district court judge with ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. at 961 (quotation omitted). "An expert's opinions are 'inherently unreliable' if they do not rest on a sufficient factual foundation and are

---

[1] Defendant named Mark Averill as the acting Secretary of the Army, *see* Dkt. No. 76-1 at 1, but Driscoll had already been confirmed as Secretary of the Army at the time this motion was filed.
[2] For present purposes, the Court uses docket entries provisionally filed under seal.

speculative.'" *Id*. (quoting *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014)). "[N]othing in either *Daubert* [*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)] or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (citation omitted). Although "Rule 702 does not license a court to engage in freeform factfinding, to select between competing versions of the evidence, or to determine the veracity of the expert's conclusions at the admissibility stage," *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022), the Court may evaluate whether the expert proffered sufficient facts or data to "support . . . every necessary link" in her theory, *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606 (9th Cir. 2002), with an eye toward "foundation, not corroboration," *Elosu*, 26 F.4th at 1025. Put more plainly, expert opinions cannot rest "on assumptions that are not supported by the evidence." *Stephens v. Union Pacific R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2018). "The expert's opinion must rest on actual data, not unfounded assumptions." *Id*. at 858 (citation omitted).

These principles make short work of the Rule 702 determination for Jouganatos. Jouganatos' report runs to 9 pages in total, Dkt. No. 76-2, and the most substantive opinion with respect to lost pay, the core of Hostetler's damages theory, is presented in just one page, *id.* at 5. All of Jouganatos' calculations of back pay and other damages figures are based on the assumption that a reclassification of Hostetler to a lower employment rank in October 2017 had "not occurred." *Id*. at 5; *see also* Dkt. No. 72-1 ¶ 6 (Decl. of S. Marshall, one of Hostetler's supervisors, stating that she was reclassified downward on October 29, 2017).

The obvious problem here is that the fact of reclassification in 2017 is undisputed. Jouganatos simply assumes a world where that did not happen, without any attempt to justify such an extreme departure from the evidence. There is not a single word in Jouganatos' report, or in Hostetler's opposition to the Army's motion to exclude, to explain why Jouganatos' counterfactual assumption that Hostetler "would be in the GS 12 rank" despite the reclassification was a

reasonable one to make. Dkt. No. 76-2 at 5. It certainly was not tied to any evidence in the record.

The problem is exacerbated by the fact that the October 2017 reclassification is not a claim in the case. As the Army aptly stated, Dkt. No. 76-1 at 6-7, the Court determined in a motion to dismiss that all of Hostetler's claims before June 25, 2018, were stale on limitations grounds and could not be grounds for relief in this litigation. *See* Dkt. No. 19 at 3-5. The Court also rejected Hostetler's suggestion that a "continuing violation" theory would allow her to pursue claims based on events outside the limitations period. *Id*. at 4-5. Jouganatos breezes by these rulings without even a wave of the hand in their direction. So too for Hostetler in her opposition brief. Jouganatos' proposed testimony is not an opportunity to sidestep the Court's orders, as Hostetler would have it. It bears mention that delving into the October 2017 reclassification would necessitate a trial within the trial about the event, which would pose a substantial risk of confusing and misleading the jury about the claims in the case.

Consequently, there is an insurmountable gap between the evidence in the record and the assumption on which Jouganatos' opinions are based. In these circumstances, his opinions and testimony must be excluded under FRE 702. *See Elosu*, 26 F.4th at 1026.

Hostetler offers Parker as an ostensible expert in "law enforcement employment practices." Dkt. No. 75-4 (Parker report) at 1. The foundation of this qualification is not apparent in the record before the Court. Parker's report highlights testimony with respect to use of force, prison and juvenile gangs, fugitive apprehension, and other law enforcement practices of zero relevance here. *See id.* There are mentions of engagements with respect to personnel investigations, but what those entailed and whether Parker is generally qualified in that area is not at all clear in the current record.

Foundation concerns also affect Parker's main opinions, namely, that the Army mishandled Hostetler's complaints of discrimination, retaliation, and related investigations. *See id.* at 6-7. Much of Parker's report is commentary on the deposition testimony of witnesses affiliated with the Army, interspersed with wholly conclusory statements to the effect that they did a bad job. It is not at all clear that any of this is beyond the ken of ordinary jurors as elucidated in

United States District Court
Northern District of California

3

cross-examination of fact witnesses at trial, and so appropriate for expert testimony. In addition, as the Army suggests, *see* Dkt. No. 76-1 at 4, Parker's opinions about the investigations do not appear to be based on any federal policies or practices. To the extent Parker cites any policies at all, they are California state documents that she agrees do not apply "in the federal context." *See, e.g.,* Dkt. No. 75-4 at 4.

Overall, the Court has serious concerns that Parker is not a proper expert witness. Even so, the Court cannot definitively conclude that exclusion is warranted on the record as it currently stands. Consequently, before Parker is permitted to testify at trial, she will be examined in a voir dire proceeding out of the presence of the jury to establish her qualifications and the admissibility of her opinions. The Court will decide the question of exclusion after Parker's voir dire. The parties should be prepared to do the hearing on the first day of trial.

With respect to damages, Hostetler is directed to file by March 17, 2025, a statement specifying how she intends to prove damages at trial without the testimony or opinions of Jouganatos or another putative expert witness. A failure to meet this deadline will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 4, 2026

_____

JAMES DONATO
United States District Judge